UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT C. BERTHELOT AND** | * | **CIVIL ACTION** |
| **MARINA MOTEL INC.** | * | |
| | * | **NO. 06-9627** |
| **VERSUS** | * | |
| | * | **SECTION "I"** |
| **JAMES RIVER INSURANCE CO.,** | * | |
| **POWELL INSURANCE AGENCIES,** | * | **MAG. (5)** |
| **INC. AND ABC INSURANCE** | * | |
| **COMPANY** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Powell Insurance Agency, Inc., ("Powell") respectfully submits this Memorandum In Support of its Motion for Summary Judgment and requests that this Court issue a judgment dismissing the claims of Robert C. Berthelot and Marina Motel ("Plaintiffs"), against Powell because Plaintiffs' claims are perempted under the one-year peremptive period set out in La. R.S. §9:5606(A) and Plaintiffs have failed to state a cause of action against Powell.

## FACTS

This case arises from damages suffered by Plaintiff on August 29, 2005 as a result of Hurricane Katrina, and the subsequent lawsuit filed on August 28, 2006 by Plaintiffs against their insurer, James River Insurance ("James River"), and their insurance agent, Powell. The claims made against Powell stem from it acting as the insurance agent for Plaintiffs. Specifically, the Petition alleges that Plaintiffs' property was totally destroyed and that Plaintiffs suffered business interruption losses as a result of Hurricane Katrina. The Petition further

1

alleges that Powell failed to advise Plaintiffs as to the availability or need to purchase excess flood insurance.

Plaintiff originally secured a commercial insurance policy (#00007786-0) through Powell from James River on December 30, 2004 for property located at 5353 Paris Road, Chalmette, Louisiana.[1]  Plaintiffs' policy was renewed annually and was in effect on the date of loss, August 29, 2005[2].  Plaintiffs have not made any inquiries regarding the availability or need for additional coverage since June 2005[3].

## LAW

**I.   Summary Judgment – Rule 56 of the Federal Rules of Civil Procedure**

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."  Fed.R.Civ.P. 56(b).  Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  The United States Supreme Court has held that this plain language:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law"

---

[1]   See, affidavit executed by John O'Brien, Powell's Account Representative who worked on Plaintiff's file, attached herein as Exhibit "A".

[2]   Id.

[3]   Id.

because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party is not required to "produce evidence negating the existence of a material fact"; rather, the moving party's burden is "only [to] point out the absence of evidence supporting the nonmoving party's case." Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir 1992), *certiorari denied*, 506 U.S. 832, 113, S.Ct. 98, 121 L.Ed.2d 59 (1992), *quoting*, Latimer v. Smithkline & French Laboratories, 919 F.2d 301, 303 (5th Cir. 1990). If the moving party makes this showing, "the nonmovant must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Skotak, 953 F.2d at 913, *citing*, Transco Leasing Corp. v. U.S., 896 F.2d 1435, 1444 (5th Cir. 1990).

**II. La. R.S. 9:5606 – One-Year Peremptive Period For Actions Against Professional Insurance Agent Liability.**

Louisiana Revised Statute §9:5606 provides in relevant part as follows:

A. "No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458[4]

---

[4] Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458.

and, in accordance with Civil Code Article 3461[5], may not be renounced, interrupted, or suspended.  La. R.S. §9:5606.

Based on the clear language of the statute, there is no doubt that the Legislature intended that the one-year period is peremptive.  La. R.S. §9:5606(D).  In <u>Reeder v. North</u>, 701 So.2d 1291, 1297 (La. 1997), the Louisiana Supreme Court, in dealing with an analogous provision of Louisiana's legal malpractice statute[6], pointed out that "the Legislature was aware of the pitfalls in this statute but decided, within its prerogative, to put an absolute limit on a person's right to sue for legal malpractice, just as it would be within its prerogative to not allow legal malpractice actions at all."  <u>Reeder</u>, 701 So.2d at 1297.  The Court recognized that while the peremption provision of the legal malpractice statute may seem unfair in that a "person's claim may be extinguished before he realizes the full extent of his damages, the enactment of such a statute of limitations is exclusively a legislative prerogative."  <u>Biggers v. Allstate Ins. Co.</u>, 886 So.2d 1179, 1182 (La.App. 5 Cir. Oct 26, 2004) (construing <u>Reeder v. North</u>, 701 So.2d 1291 (La. 1997)).

The Louisiana Supreme Court further pointed out that peremption differs from prescription in several respects.  <u>Id</u> at 1298.  The Court stated that:

> Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. Civ.Code art. 1762(1)); peremption, however, extinguishes or destroys the right (La. Civ.Code art. 3458).  Public policy requires that rights to which peremptive periods attach are to be extinguished after passage of a specified period.  Accordingly, nothing may interfere with the running of a peremptive period.  It may not be interrupted or suspended; nor is there provision for its renunciation.  And exceptions such as

---

[5]   Peremption may not be renounced, interrupted, or suspended.  La. C.C. art. 3461.

[6]   La. R.S. §9:5605 provides the same one-year and three-year limitations found in §9:5606 stating that actions for legal malpractice must be filed "…within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect."  La. R.S. §9:5605(A)

*contra non valentem*[7] are not applicable. As an inchoate right, prescription, on the other hand, may be renounced, interrupted, or suspended; and *contra non valentem* applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. Id.

### III. Peremptive Period Begins To Run When The Plaintiff Obtains Actual Or Constructive Knowledge.

The Louisiana courts have clarified that prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. See Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds, 909 So.2d 619, 623 (La.App. 3 Cir. May 04, 2005) (citing Campo v. Correa, 828 So.2d 502 (La. 2002)). In Campo the Louisiana Supreme Court said:

> A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Campo, 828 So.2d at 510-511.

In other words, any information or knowledge that ought to excite the attention of the alleged victim and put her on guard sufficient to start the running of prescription. Id.

Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. Id.; see also Motors Ins. Co. v. Bud's Boat Rental, 917 F.2d 199, 205 (5th Cir.1990); Fidelity Homestead Ass'n v. Hanover Ins. Co., 2006 WL 2873562, at *3 (E.D.La. 2006); Stephens v. Audubon Ins. Co., 665 So.2d 683, 658 (La. App. 2 Cir. 1995) (citing Matthews v.

---

[7] *Contra non valentem* is a judicially-created doctrine which has been applied to prevent the running of prescription in four distinct situations: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

Business Men's Assur. Co. of America, 478 So.2d 634, 637 (La.App. 2 Cir. 1985)); Perkins v. Shelter Ins. Co., 540 So.2d 488 (La.App. 1 Cir. 1989)).  Knowledge that the terms of a policy directly contradict a representation or statement made by the insurance agent who sold the policy is sufficient to excite the attention of the victim and put her on guard.  Dobson, 2006 WL 2078423, at *9.

Dobson v. Allstate Ins. Co. involved a home that was deemed a total loss because of damages caused by Hurricane Katrina.  Dobson, 2006 WL 2078423, at *7.  The loss was specifically caused by hurricane-driven water, which their insurer, Allstate, stated was excluded under the terms of their policy.  In addition to filing suit on December 21, 2005 against its insurer, the plaintiffs also filed suit against their insurance agent Gregory Ruiz, alleging that they requested advice from their agent, who assured them "that the policy of fire (homeowner's) insurance he recommended included 'hurricane insurance' which would cover and insure the Plaintiffs for all damage associated with hurricanes."  Id.

The court in Dobson held that the plaintiffs claims were perempted as per La. R.S. §9:5606.  Id at *8.  The unrebutted evidence showed that the policy in question was initially issued in 1991 and that it contained the exclusion for flood since that time.  Id.  The court stated that "since it is the terms of the flood exclusion that would render Ruiz' alleged statement to plaintiffs about the terms of their policy inaccurate, his alleged misconduct occurred in 1991 when he sold plaintiffs the policy containing the flood exclusion."

The court stated that even if the it were to consider plaintiffs' allegation that the last time their agent had negligently misrepresented the terms of their policy to them was in October 2004, they either knew or should have known of their agent's wrongful conduct as of that time because they had a copy of their policy, which had been provided to them by the insurer on or before

6

October 2004. Dobson, 2006 WL 2078423, at *9. The court held that an insured party is generally responsible for reading his policy, and that he is presumed to know its provisions, and pointed out that the policy provided to the plaintiffs at that time contained the flood exclusion, as well as a notice advising the plaintiffs that "flood protection was generally not available under a homeowners policy and could be purchased through a separate policy." Id.

### IV. Insurance Agent's Duty Under Louisiana Law.

Louisiana courts have long recognized that an agent has no duty to independently advise the client about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance, unless the agent agrees to such a duty. See Graves v. State Farm Mut. Auto. Ins. Co., 821 So.2d 769, 773-774 (La. App. 3d Cir. 2002) ("[T]here is no evidence that any of the defendants held themselves out as an advisor to the Graves or that there existed a special relationship or agreement to render insurance advise."); Smith v. Millers Mut. Ins. Co., 419 So.2d 59, 65-66 (La. App. 1982) (rejecting plaintiff's argument that agent had duty to "review his client's coverage and recommend the forms of insurance best suited to the client's needs, including adequate monetary limits").

Moreover, in order for an insurance agent to held liable for failure to procure insurance for another, the complainant must allege and prove: (1) an undertaking or agreement by the insurance agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he failed to obtain such insurance, and (3) the actions of the agent warranted an assumption by the client that he was properly insured. See e.g., Karam v. St. Paul & Marine Ins. Co., 281 So.2d 728, 730-31 (La. 1973); See also, Sullivan, et al. v. State Farm Cas. Ins. Co., et al., Civil No. 06-0004 (E.D.La.

April 6, 2006) (holding that plaintiff stated no cause of action where no facts were alleged evidencing an undertaking by agent to advise about and/or offer plaintiff excess flood insurance).

## ARGUMENT

### I. Plaintiffs' Claims Against Powell Are Perempted Under The One-Year Peremptive Period Set Out In La. R.S. §9:5606.

Plaintiffs originally obtained the policy in question from James River on December 30, 2004.[8] The policy was in effect on the date of loss, August 29, 2005.[9] Plaintiffs were supplied with a copy of the policy upon original purchase and, according to Louisiana Law cited above, had a duty to read the policy and know its provisions. Because a careful reading of the policy expressly reveals any alleged error or omission by Powell, Plaintiffs had actual or constructive notice of any alleged error or omission committed by Powell. Knowledge of the any alleged error or omission would have been enough to begin the peremptive period; therefore, the peremptive period would have started to run on December 30, 2004.

The claims against Powell are perempted under the one-year peremptive period set out in La. R.S. §9:5606 because the alleged misconduct in this case occurred on December 30, 2004, which is the date the policy was issued. Under the express terms of the statute, **a plaintiff must bring suit within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. In this case, Plaintiffs should have discovered the alleged negligence of Powell on the original issuance date of the policy, December 30, 2004.** Accordingly, Plaintiffs' claims against Powell are perempted because suit was not filed until August 2006, well outside the one-year peremptive period set out in La. R.S. §9:5606.

---

[8]   See, affidavit executed by John O'Brien, Powell's Account Representative who worked on Plaintiff's file, attached herein as Exhibit "D". See also, declarations sheet showing the December 30, 2004 effective date attached herein as Exhibit "E".

[9]   Id.

Plaintiffs, a sophisticated commercial enterprise, fail to explain why they could not reasonably have discovered within one year of the date of issuance the alleged negligence of Powell.  A recently ruling of this Court shows that commercial enterprises such as Plaintiff must read and understand the provisions of their insurance contracts and fall under the purview of the peremptive periods outlined in Louisiana law[10].  Plaintiffs had the resources to discover such alleged negligent acts, yet failed to file suit in a timely fashion.   Their claims against Powell are clearly perempted.

**II. Plaintiff's Claims Against Powell Are Perempted Under The One-Year Peremptive Period Set Out In La. R.S. §9:5606 Because The Last Communication Regarding Coverages Which Acted To Re-Set The Peremptive Period Occurred More Than Year Before Suit Was Filed.**

There were communications between Plaintiffs and Powell regarding the availability or need for additional coverage under the policy in question in June 2005[11].  However, Plaintiffs did not make any other inquiries regarding the availability or need for additional coverage after June 2005[12].  Louisiana courts have long recognized that a prescriptive period begins to run "when a Petitioner obtains actual or constructive knowledge of acts indicating to a reasonable person that he or she is the victim of a tort."[13]  A person is deemed to have constructive knowledge when a

---

[10]   Manning Architects v. CNA Ins. Co., 06CV7254 (E.D.La. Dec. 18, 2006) (stating that peremptive period commences upon initial issuance of policy and that the language of policy was sufficient to put plaintiff on notice of cause of action).

[11]   See, affidavit executed by John O'Brien, Powell's Account Representative who worked on Plaintiffs' file, attached herein as Exhibit "D".

[12]   Id.

[13]   See e.g., Dobson, 2006 WL 2078423, at * 9 (stating that "[a] prescriptive or preemptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit"); Campo v. Correa, M.D., 828 So. 2d 502, 510 (La. 2002).

9

reasonable person would have had notice sufficient to "excite attention and put the injured party on guard and call for inquiry."[14]

In June 2005, Plaintiffs communicated with Powell regarding the availability or need for additional coverage and at this time was put on notice of any alleged negligence of Powell. A reasonable person would have been on constructive notice during these communications and Plaintiffs **should have been put on inquiry** regarding an alleged negligence of Powell at this time. Thus, in the alternative, the latest that the peremptive period began to run was June 2005.

In sum, when Plaintiffs communicated with Powell regarding the availability or need for additional coverage everything needed to "excite attention" and put Plaintiffs on inquiry was present. Plaintiffs were on actual or constructive notice of the purported error or omission as of June 2005. Therefore, Plaintiffs' claims against Powell are perempted because suit was not filed within the one-year peremptive period provided under Louisiana law.[15]

### III. Plaintiffs Fail To State A Valid Cause of Action Against Powell.

As shown in the law cited above, an insured has a duty to read his insurance policy and know its provisions. Louisiana courts have long recognized that an insurance agent has no duty to independently advise the client about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance, unless the agent agrees to such a duty. Moreover, in order for an insurance agent to held liable for failure to procure insurance for another, the complainant must allege and prove: (1) an undertaking or agreement by the insurance agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the

---

[14] Id. at 510-11.

[15] See id.; see also Simmons v. Templeton, 723 So. 2d 1009, 1012 (La. App. 4th Cir. 1998).

10

insurance and failure to notify the client promptly if he failed to obtain such insurance, and (3) the actions of the agent warranted an assumption by the client that he was properly insured.

Plaintiffs have not made any allegations that purport to establish any of these three elements. Based on the allegations of negligence in the Petition, there is no possibility that Plaintiffs can obtain relief against Powell. Further, no evidence is presented nor allegations made that Powell agreed to independently advise Plaintiffs about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance. Plaintiffs have made conclusory allegations which are in no way supported by any jurisprudential or statutory authority. As shown above, Louisiana law strongly supports that Plaintiffs' assertions are without merit. For the foregoing reasons, Plaintiffs have clearly failed to state a valid cause of action against Powell.

Finally, even if Powell had such a duty, its actions did not constitute a breach as numerous letters were sent to Plaintiff regarding the availability or need to purchase excess flood insurance[16]. These letters refute Plaintiff's allegations that Powell failed to provide them with the option of purchasing excess flood insurance and failed to advise them of the inadequacy of their flood coverage[17]. The letters specifically include detailed descriptions regarding flood, building, contents, and excess flood coverage and recommend that Plaintiffs contact Powell to ensure that they are adequately insured. The letters even go so far as to state:

> **If New Orleans suffers a direct hit by a hurricane, much of the metropolitan area could be underwater. Make sure you are protected.**

---

[16]   See, flood letters sent to Plaintiff on May 26, 2003, April 6, 2004, and May 13, 2005 attached herein as Exhibits "A", "B", and "C".

[17]   Petition at ¶ XVII and XVIII.

11

Plaintiffs have made conclusory allegations which are in no way supported by any jurisprudential or statutory authority. As shown above, Louisiana law strongly supports that Plaintiffs' assertions are without merit. For the foregoing reasons, Plaintiffs have clearly failed to state a valid cause of action against Powell.

## CONCLUSION

The claims against Powell are perempted under the one-year peremptive period set out in La. R.S. §9:5606 because Powell's alleged misconduct in this case occurred when the policy was originally issued on December 29, 2004. As of this date, Plaintiff was put on actual or constructive notice of any alleged error or omission committed by Powell. The Petition, however, was not filed until August 28, 2006, well over one year after December 30, 2004 and well beyond the peremptive period.

Further, when Plaintiffs communicated with Powell regarding the availability or need for additional coverage in June 2005, everything needed to excite attention and put Plaintiffs on inquiry was present. Because the policy expressly reveals any alleged error or omission by Powell, Plaintiffs were on actual or constructive notice of the purported error or omission as of that date. Therefore, Plaintiff's claims against Powell are perempted because they failed to file suit within one year of June 2005.

Plaintiff has clearly failed to state a valid cause of action against Powell. Powell had no duty to independently advise Plaintiffs about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance. Finally, even if Powell had such a duty, its actions did not constitute a breach as numerous letters were sent to Plaintiff regarding the availability or need to purchase excess flood insurance.

For the foregoing reasons, Powell respectfully asserts that its Motion for Summary Judgment should be granted by this Honorable Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the following: Donald Coleman Brown, Eric August Bopp, Walter R. Woodruff I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following: Donald Coleman Brown, Eric August Bopp, Walter R. Woodruff

/s/ Stephen Gele
UNGARINO & ECKERT, LLC
3850 N. Causeway Blvd., Suite 1280
Metairie, LA 70002
Telephone: (504) 836-7537
Fax: (504) 836-7538
mungarino@ungarino-eckert.com

Respectfully submitted:

**UNGARINO & ECKERT L.L.C.**

/s/ Stephen Gele

STEPHEN GELE (#22385) (T.A.)
PAUL J. HAMMER(#30540)
Suite 1280 Lakeway Two
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone:     504/836-7537
Fax:           504/836-7538
sgele@ungarino-eckert.com

13