**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ROBERT C. BERTHELOT AND MARINA MOTEL INC.** | * | **CIVIL ACTION** |
| | * | **NO. 06-9627** |
| **VERSUS** | * | |
| | * | **SECTION "I"** |
| **JAMES RIVER INSURANCE CO., POWELL INSURANCE AGENCIES, INC. AND ABC INSURANCE COMPANY** | * | **MAG. (5)** |

* * * * * * * * * * * * * * * * * * * * * * * * *

**POWELL INSURANCE AGENCY, INC'S OPPOSITION TO MOTION TO REMAND**

Defendant Powell Insurance Agency, Inc. ("Powell"), submits this Opposition to Plaintiffs Robert C. Berthelot and Marina Motel, Inc.'s ("Plaintiffs") Motion to Remand. As shown below, this Court has subject matter jurisdiction over Plaintiffs' claims against Powell pursuant to 28 U.S.C. § 1331 federal question jurisdiction, 42 U.S.C. § 4072 (the National Flood Insurance Act), and 28 U.S.C. § 1332 diversity jurisdiction. Further, even if this Court were not to have such jurisdiction (which it does), this is moot because Plaintiffs have no cause of action against Powell and Plaintiffs' claims against Powell are perempted.

In their Motion to Remand, Plaintiffs contend that removal is inappropriate because (1) this case involves no issues of federal law and does not invoke federal question jurisdiction and (2) the burden for establishing fraudulent joinder has not been met. For the following reasons, Plaintiffs' motion should be denied:

- All flood claims, including failure to procure flood insurance, fall under the purview of federal law notwithstanding judicial opinions to the contrary.

- Removal is proper because: 1) failure to procure flood insurance should be governed and preempted by federal law and 2) if Plaintiffs' allegations are true, Powell is a fiscal agent of the federal government.
- Plaintiffs have no cause of action against Powell because Powell did not breach any duty owed to Plaintiffs.
- Plaintiffs' claims against Powell are perempted under La. R.S. § 9:5606.
- The requirements for diversity jurisdiction are met.

For these reasons, Powell's removal of this action to this Court was appropriate. Plaintiffs' Motion to Remand should be denied.

**FACTS / PROCEDURAL HISTORY**

Since the face of the Petition[1] is controlling in a removal action, the following is a summary of Plaintiffs' allegations:

This suit, filed in the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana on August 28, 2006, arises out of Plaintiffs' claims under their James River Insurance Company ("James River") commercial insurance policy for losses allegedly caused by Hurricane Katrina. Powell, a local insurance agent, procured an insurance policy for Plaintiffs' property through James River. The Petition alleges that Plaintiffs' property was totally destroyed and that Plaintiffs suffered business interruption losses as a result of Hurricane Katrina. The Petition further alleges that Powell failed to advise Plaintiffs as to the availability or need to purchase excess flood insurance.

On November 6, 2006, Powell filed a Notice of Removal with this Court. On November 7, 2006, Powell filed an amended Notice of Removal with this Court. Plaintiffs' Motion to Remand followed.

---

[1] See, Petition.

## I. Notwithstanding Judicial Opinions to the Contrary, All Flood Claims, Including Failure To Procure Flood Insurance, Fall Under Purview Of Federal Law And Invoke Federal Question Jurisdiction.

Powell acknowledges the District Court case law contrary to its position on procurement of insurance as a state issue but respectfully submits that the cases preceding this case have not focused on the decisive basis for conferring federal question jurisdiction. This year, the Eastern District acknowledged that "the Fifth Circuit has not had the occasion to determine whether a state law tort claim for errors and omissions like Plaintiffs' claims would be considered 'handling' and the Fifth Circuit has not determined whether state law claims for improper 'procurement' would be preempted by the National Flood Insurance Act (NFIA)." Landry v. State Farm Fire & Cas. Co., No. 06-181 (Apr. 25, 2006) (ruling against federal jurisdiction but noting no decision from Fifth Circuit on this precise issue), citing, Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005) ("state law tort claims arising from claims handling by a WYO are preempted by federal law").

The cases examining the issue have generally held that when an insurance agent fails to procure flood insurance, the federal government lacks a financial stake to confer federal question jurisdiction. However, as will be shown in this memorandum, whether the federal government has a financial stake should not be the dispositive issue and even if this Court finds that it is, the federal government has a huge financial stake in regulating the procurement of flood insurance policies.

The federal government enacted the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001 *et seq.,* in part, to ensure uniformity of flood protection. The government controls underwriting and procurement regulations and policies relative to flood insurance. It follows then that the case law governing procurement of flood insurance, which relies necessarily on the

insurance agent learning, following, and executing those federal regulations, should be governed by a uniform body of federal law. The alleged failure of a "Write Your Own" (WYO) carrier to procure flood insurance in accordance with the federal guidelines should not be left to the individual decision of each trial court and ultimately each appellate court in each of the 50 states. Moreover, federal question jurisdiction exists because as a WYO carrier, Powell is a fiscal agent of the federal government. Therefore, Powell respectfully requests this Court to consider the removal/remand issue under the framework presented herein and to find that the Court should retain this matter under 28 U.S.C. § 1331 federal question jurisdiction.

## II. **Removal Is Proper Because: (1) Failure to Procure Flood Insurance Should Be Governed And Preempted By Federal Law And (2) If Plaintiff's Allegations Are True, Powell Is A Fiscal Agent of the Federal Government.**

The NFIP is operated by the Federal Emergency Management Agency ("FEMA"), which has authority to regulate the participation of private companies in the NFIP, the terms on which flood insurance will be provided, and the manner in which claims are adjusted and paid. 42 U.S.C. §§ 4013(a), 4019, 4071, 4081. By FEMA regulation, all policies issued under the NFIP (whether by FEMA or by a WYO company) must be issued using the terms and conditions of the Standard Flood Insurance Policy ("SFIP"). 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c). In 2003, FEMA changed its regulations to provide explicitly that sales and administration of flood policies are subject to those regulations insofar as WYO carriers are involved. 44 C.F.R. Pt. 62, App. A, Art, I. The SFIP form itself is a regulation and is found in 44 C.F.R. Pt.61, App. A. The WYO companies are not authorized to vary or waive any of the SFIP terms and conditions without the express written consent of FEMA. 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c). As a matter of federal law, these terms and conditions govern the adjustment of all claims: "A WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment

and defense of all claims arising from policies of flood insurance it issues under the NFIP, based upon the terms and conditions of the Standard Flood Insurance Policy." 44 C.F.R. § 62.23(d).

WYO carriers are paid by FEMA for the services they provide in connection with the underwriting and sale of SFIPs and for the handling and defense of claims under the policy. *See* 44 C.F.R. Part 62, App. A, Art. III. WYO carriers, however, do not bear the risk of loss under the SFIPs. Rather, claims are paid with federal funds, and the federal government bears the risk of loss under the program. WYO carriers are fiscal agents of the United States, 42 U.S.C. § 4071(a)(I); 44 C.F.R. § 62.23(g), and payments on SFIP claims are a direct charge on the United States Treasury. See, Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005)("state law tort claims arising from claims handling by a WYO are preempted by federal law"); 42 U.S.C. § 4017(d)(I).

The NFIP's federal regulatory structure is not confined to the four corners of the SFIP, but extends into numerous other areas of the activities of WYO companies and their agents including sales, marketing, and procurement. See 44 C.F.R. Pt. 62, App. A art. I (stating that the Federal Insurance Administration ("FIA") "has promulgated regulations and guidance implementing the Act and the Write-Your-Own program whereby participating private insurance companies act in a fiduciary capacity utilizing Federal funds to sell and administer [SFIPs], and has extensively regulated the participating companies' activities when selling or administering [SFIPs]"). By way of example, the arrangement expressly directs that WYO companies "shall issue policies under the regulations prescribed by the Administrator in accordance with the Act," 44 C.F.R. Pt. 62, App. A, art. II.D.2, and "shall market flood insurance policies in a manner consistent with marketing guidelines established by FIA." Id. art. n.G.2.

Additionally, federal regulations direct WYO companies to "encourage [their] present property insurance policyholders to purchase flood insurance through the NFIP WYO program," 44 C.F.R. § 62.23(h)(1), and to comply with specified requirements regarding rating system procedures, transmission of premium payments, and the offering of premium payment plans. Id. § 62.23(h)(2), (3), (7).

Finally, in order to qualify for participation in the NFIP, WYO companies must "submit information concerning [their] plans for the WYO program including plans for the training and support of producers and staff [and] marketing plans and sales targets," 44 C.F.R. § 62.24(d), and WYO companies are required to submit to a federal review of their "claims, underwriting, customer service, marketing, and litigation activities" at least once every three years. 44 C.F.R. § 62.23(j)(2); 44 C.F.R. Pt. 62, App. B.

Plaintiffs' claims would thus necessarily involve determining what SFIP coverage it could have purchased and the extent to which its alleged losses would have been covered under any such SFIP coverage. Moreover, the SFIP itself is "governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001 *et seq*.), and Federal common law." 44 C.F.R. Part 61 App. A(1), art. IX; see also Wright v. Allstate Ins. Co., 415 F.3d at 390.

Moreover, one of Plaintiffs' claims is premised on an alleged duty to provide certain kinds of advice with respect to policy options in connection with the sale of an SFIP by a WYO company. By federal statute, FEMA is charged with regulating the terms of participation in the WYO. 42 U.S.C. §§ 4071, 4081. FEMA regulates such participation through the "Arrangement" between FEMA and WYO companies, 44 C.F.R. Pt. 62, App. A, as well as numerous regulations and directives. Any duties or conditions imposed on WYO companies as a result of participation

in the NFIP could only be imposed as a matter of federal law. Accordingly, an essential element of Plaintiffs' claims - the purported duty to advise as to additional coverage - requires construction of federal law.

**A. This Court May Exercise Supplemental Jurisdiction Over Any Remaining State Law Claims.**

To the extent that any of Plaintiffs' claims are not subject to federal jurisdiction under 28 U.S.C. §§ 1331 or 42 U.S.C. § 4072, this Court has jurisdiction over such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. See Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S. Ct. 2611 (2005). To find that claims are "so related" and "form part of the same case or controversy" for Section 1367 jurisdiction, the Court must determine whether the plaintiff's claims "derive from a common nucleus of operative fact." City of Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997). All of Plaintiffs' claims relate to insurance they allege they had or should have had for property allegedly destroyed as a result of Hurricane Katrina and thus "derive from a common nucleus of operative fact."

For all of these reasons, it is clear that Plaintiffs' claims raise substantial federal questions. Removal is thus proper pursuant to 28 U.S.C. §§ 1331 or 42 U.S.C. § 4072.

**III. Plaintiffs Have No Cause Of Action Against Powell Because Powell Did Not Breach Any Duty Owed To Plaintiffs.**

There is no possibility that Plaintiffs can obtain relief against Powell because Plaintiffs have not stated and cannot state a claim against Powell under well-settled Louisiana law. As

supported by the Fifth Circuit and several decisions of various sections of this Court, Plaintiffs do not state a cause of action against Powell:

- Motor Ins. Co. v. Bud's Boat Rental, Inc.,[2] wherein the Fifth Circuit noted that "the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy."

- Ragas v. Tarleton,[3] wherein Judge Feldman held that the plaintiff, who did not allege that the agent exceeded his authority, personally bound himself, or made any misrepresentations, failed to state a claim against the agent.

- Davis v. Allstate,[4] wherein Judge Vance found that the plaintiff failed to state a cause of action against Allstate insurance agent because "Plaintiff does not cite, and the Court does not find, any case imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured or carries the right type of coverage".

- Dobson v. Allstate,[5] wherein Judge Vance found that even if the Court were to consider plaintiffs' assertion that the agent negligently misrepresented the terms of their coverage to them in October 2004, they knew or should have known of his wrongful conduct as of that time, as they had a copy of their policy in hand. Accordingly, the plaintiffs failed to state a cause of action against the insurance agent because "Plaintiffs do not have a reasonable possibility of recovery against [agent]".

- Wellmeyer v. Allstate,[6] wherein Judge Vance stated, "plaintiffs are chargeable with knowledge of the terms of their policy, and they could not justifiably rely on the alleged misrepresentations of their insurance agents about the type of coverage they held. Plaintiffs received their policies, and the terms of the coverage were clear. Plaintiffs could have verified or contradicted any

---

[2] 917 F.2d 199, 205 (5th Cir. 1990).

[3] 06CV4137, 2006 WL 2925448, at * 3-4 (E.D. La. Oct. 10, 2006). See also, Leblanc v. Mid-Continent Life Ins., No. 93-2677, 1993 U.S. Dist. LEXIS 14792, at *4 (E.D. La. Oct. 20, 1993) (holding no cause of action exists under Louisiana law against agent of named insurer, unless agent personally bound itself or exceed its authority). See also, La. Civ. Code arts. 3016, 3019.

[4] 06CV1064, 2006 WL 2078243, at *10 (E.D. La. July 21, 2006).

[5] 06CV1064, 2006 WL 2078243, at *9 (E.D. La. July 21, 2006).

[6] 06CV1585, 2006 WL 2078423, at *11 (E.D. La. July 21, 2006).

representation about the terms of coverage by referring to the policies themselves."

- Parker v. Lexington Ins. Co.[7], Wherein Judge Zainey held that an agent had no duty to advise its client to purchase flood insurance with higher limits.

- Frischhertz v. Lexington Ins. Co.[8], Wherein Judge Barbier, citing Dobson, held that "no case imposes a duty on an agent to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage."

Moreover, in order for an insurance agent to held liable for failure to procure insurance for another, the complainant must allege and prove: (1) an undertaking or agreement by the insurance agent to procure insurance, (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he failed to obtain such insurance, and (3) the actions of the agent warranted an assumption by the client that he was properly insured. See e.g., Karam v. St. Paul & Marine Ins. Co., 281 So.2d 728, 730-31 (La. 1973); See also, Sullivan, et al. v. State Farm Cas. Ins. Co., et al., Civil No. 06-0004 (E.D.La. April 6, 2006) (holding that plaintiff stated no cause of action where no facts were alleged evidencing an undertaking by agent to advise about and/or offer plaintiff excess flood insurance). Plaintiffs have not made any allegations that purport to establish any of these three elements. Contrary to Plaintiffs' allegations[9], Powell had no duty to advise Plaintiffs as to the availability or need to purchase excess flood insurance.

Louisiana courts have long recognized that an agent has no duty to independently advise the client about the cost, availability, or desirability of certain insurance coverages or additional

[7] 06CV4156, 2006 WL 3328041, at * 9-10 (E.D. La. Nov. 15, 2006).

[8] 06CV5676, 2006 WL 3228385, at * 5-6 (E.D. La. Nov. 3, 2006).

[9] See, Petition at ¶s 29 and 30.

limits of insurance, unless the agent agrees to such a duty. See Graves v. State Farm Mut. Auto. Ins. Co., 821 So.2d 769, 773-774 (La. App. 3d Cir. 2002) ("[T]here is no evidence that any of the defendants held themselves out as an advisor to the Graves or that there existed a special relationship or agreement to render insurance advise."); Smith v. Millers Mut. Ins. Co., 419 So.2d 59, 65-66 (La. App. 1982) (rejecting plaintiff's argument that agent had duty to "review his client's coverage and recommend the forms of insurance best suited to the client's needs, including adequate monetary limits"). No evidence is presented nor allegations made that Powell agreed to independently advise Plaintiffs about the cost, availability, or desirability of certain insurance coverages or additional limits of insurance. Plaintiffs have made conclusory allegations which are in no way supported by any jurisprudential or statutory authority.

Finally, even if Powell had such a duty, its actions did not constitute a breach as numerous letters were sent to Plaintiffs regarding the availability or need to purchase excess flood insurance[10]. These letters refute Plaintiffs' allegations that Powell failed to provide them with the option of purchasing excess flood insurance and failed to advise them of the inadequacy of their flood coverage[11]. The letters specifically include detailed descriptions regarding flood, building, contents, and excess flood coverage and recommend that Plaintiffs contact Powell to ensure that they are adequately insured. The letters even go so far as to state:

> **If New Orleans suffers a direct hit by a hurricane, much of the metropolitan area could be underwater. Make sure you are protected.**

---

10 See, flood letters sent to Plaintiffs on May 26, 2003, April 6, 2004, and May 13, 2005 attached herein as Exhibits "A", "B", and "C".

11 See, Petition at ¶ XVII and XVIII.

As shown above, Louisiana law strongly supports that Plaintiffs' assertions are without merit. For the foregoing reasons, Plaintiffs have clearly failed to state a valid cause of action against Powell.

## IV. Plaintiffs' Claims Against Powell Are Perempted Under La. R.S. § 9:5606.

Plaintiffs' claims against Powell, an insurance agent, are perempted under La. R.S. § 9:5606. Plaintiffs cannot maintain a claim against Powell because any right to such claim no longer exists. Louisiana Revised Statutes §9:5606 provides a one-year peremptive period for claims against insurance agents, which completely eliminates any right to a cause of action after the requisite time period.[12] La. R.S. 9:5606(A), (D). The statute provides, in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year*** **from the date of the alleged act, omission, or neglect, or *within one year* from the date that the alleged act, omission, or neglect is discovered or should have been discovered**.

(emphasis added). Because Powell is an insurance agency and sells insurance, the statute applies to Powell.[13]

---

[12] Bel v. State Farm Mut. Auto. Ins. Co., 845 So. 2d 377, 380 (La. App. 1st Cir. 2003) ("Peremption differs from prescription in several respects. While prescription prevents the enforcement of a right by legal action, but does not terminate the natural obligation, peremption extinguishes or destroys the right"); see also, Biggers v. Allstate Ins. Co., 886 So. 2d 1179, 1181 (La. App. 5th Cir. 2004) ("La. Civil Code Art. 3458 defines peremption as 'a period of time fixed by law for the existence of a right.' Further, under that article 'unless timely exercised, the right is extinguished upon the expiration of the peremptive period.'"); Coffey v. Block, 762 So. 2d 1181, 1186 (La. App. 1st Cir. 2000).

[13] See, Klein v. Am. Life & Cas. Co., 858 So. 2d 527, 531 (La. App. 1st Cir. 2003) (concluding that "because the acts of an insurance agent are generally imputable to the insurer he represents," peremptive period applies to insurance agents); see also Biggers, 886 So. 2d at 1180-83 (holding that peremptive period applied to insured's suit against agent for failure to procure adequate coverage).

Plaintiffs, a sophisticated commercial enterprise, fail to explain why they could not reasonably have discovered within one year of the date of issuance, December 30, 2004, the alleged negligence of Powell. A recently ruling of this Court shows that commercial enterprises such as Plaintiff must read and understand the provisions of their insurance contracts and fall under the purview of the peremptive periods outlined in Louisiana law[14]. Plaintiff had the resources to discover such alleged negligent acts, yet failed to file suit in a timely fashion. Their claims against Powell are clearly perempted.

There were communications between Plaintiffs and Powell regarding the availability or need for additional coverage under the policy in question in June 2005[15]. Plaintiffs did not make any other inquiries regarding the availability or need for additional coverage after June 2005[16]. Louisiana courts have long recognized that a prescriptive period begins to run "when a Petitioner obtains actual or constructive knowledge of acts indicating to a reasonable person that he or she is the victim of a tort."[17] A person is deemed to have constructive knowledge when a reasonable person would have had notice sufficient to "excite attention and put the injured party on guard and call for inquiry."[18]

---

14 Manning Architects v. CNA Ins. Co., 06CV7254 (E.D.La. Dec. 18, 2006) (stating that peremptive period commences upon initial issuance of policy and that the language of policy was sufficient to put plaintiff on notice of cause of action).

15 See, affidavit executed by John O'Brien, Powell's Account Representative who worked on Plaintiff's file, attached herein as Exhibit "D". See also, declarations sheet showing the December 30, 2004 effective date attached herein as Exhibit "E".

16 Id.

17 See e.g., Dobson, 2006 WL 2078423, at * 9 (stating that "[a] prescriptive or preemptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit"); Campo v. Correa, M.D., 828 So. 2d 502, 510 (La. 2002).

18 Id. at 510-11.

In June 2005, Plaintiffs communicated with Powell regarding the availability or need for additional coverage and at this time was put on notice of any alleged negligence of Powell. A reasonable person would have been on constructive notice during these communications and Plaintiffs **should have been put on inquiry** regarding an alleged negligence of Powell at this time. Thus, in the alternative, the latest that the peremptive period began to run was June 2005.

In sum, when Plaintiffs communicated with Powell regarding the availability or need for additional coverage everything needed to "excite attention" and put Plaintiffs on inquiry was present. Plaintiffs were on actual or constructive notice of the purported error or omission as of that date. Therefore, Plaintiffs' claims against Powell are perempted because suit was not filed within the one-year peremptive period provided under Louisiana law.[19]

## V. The Requirements For Diversity Jurisdiction Are Met

James River is non-resident foreign insurance company for diversity purposes[20]. Plaintiffs and Powell are citizens of Louisiana. Nonetheless, the citizenship of Powell does not defeat this Court's subject-matter jurisdiction because Plaintiffs improperly joined Powell.[21]

The standard for determining when a defendant has been fraudulently joined was recently explained by the Fifth Circuit in Hornbuckle v. State Farm Lloyds[22]:

---

19 See id.; see also Simmons v. Templeton, 723 So. 2d 1009, 1012 (La. App. 4th Cir. 1998).

20 See, Amended Notice of Removal at ¶ 9. James River is a resident of Connecticut and Delaware.

21 See, Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006); Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004); *In re* Benjamin Moore & Co., 309 F.3d 296, 298 (5th Cir. 2002); Burden v. General Dynamics Corp., 60 F.3d 213, 217-18 (5th Cir. 1995) (stating that improperly joined defendants "must be ignored for diversity jurisdiction"); Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 817 (5th Cir. 1993) (finding that because co-defendants "were improperly joined, … their citizenship [was] to be disregarded for purposes of determining diversity jurisdiction").

22 385 F.3d 538, 545-56 (5th Cir. 2004).

> For removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant. Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.

"Under this standard, the Court must determine whether there is arguably a *reasonable* basis for predicting that state law might impose liability. This means that there must be a reasonable possibility of recovery, not merely a *theoretical* one."[23] Significantly, these rules have been applied to instances of improper joinder of insurance agents and adjusters.[24]

**As stated earlier, there is no possibility that Plaintiffs can obtain relief against Powell because Powell did not breach any duty owed to Plaintiffs. Thus, Plaintiffs have no reasonable possibility of recovery against Powell.** Further, it is apparent from the face of the Petition that the amount in controversy at issue in this case exceeds $75,000, exclusive of interest and costs. Plaintiffs' Petition alleges that Plaintiffs are entitled to actual damages including but not limited to property damages, and penalties and attorneys fees for alleged violations of La. R.S. 22:658, La. R.S. 22:1220, and La. R.S. 22:1221[25]. According to Plaintiffs, the policy had

---

23 Ross v. CitiFinancial, Inc., 344 F.3d 458, 462 (5th Cir.) cert. denied, 126 S. Ct. 335 (2005) (emphasis in original, citations omitted); *see also* Smallwood, 385 F.3d at 573.

24 See e.g., Ragas v. Tarleton, 2006 WL 2925448 (Feldman, J.) (denying motion to remand where agent improperly joined); Dobson v. Allstate, 2006 WL 2078423 (Vance, J.) (same); Cresson v. State Farm Fire and Cas. Co., No. 06CV4763, 2006 WL 2912824 (E.D. La. Oct. 5, 2006) (McNamara, J.) (same); Perez v. Metropolitan Prop. and Cas. Ins. Co., No. 06CV2574, 2006 WL 2178753 (E.D. La. July 28, 2006) (Lemelle, J.) (same); Edwards v. Allstate Prop. & Cas. Co., No. 04-2434, 2005 WL 221560 (E.D. La. Jan. 27, 2005) (Duval, J.) (finding adjuster was fraudulently joined where plaintiff failed to establish reasonable basis of recovery); Kimball v. Modern Woodmen of Am., 939 F. Supp. 479 (M.D. La. 1996) (Parker, J.) (holding that agent was fraudulently joined where plaintiff failed to establish knowledge of falsity of representation).

25 See, Petition at ¶s 22-24.

limits of $2,000,000 for building, $330,000 for content, $667,500,000 for business interruption, and $25,000 for EDP equipment[26]. Plaintiffs also described their property as being a total loss and that its damages far exceeded the policy limits[27]. Clearly, based on the foregoing, the jurisdictional threshold has been met.

Moreover, Plaintiffs did not allege in their Petition that the amount in controversy at issue in this case does not exceed $75,000. When a plaintiff's damages are insufficient for federal jurisdiction, in accordance with Louisiana Code of Civil Procedure Article 893, plaintiff is required to make such an allegation in the Petition. Pursuant to Louisiana Code of Civil Procedure article 893, as amended, Louisiana law now requires an allegation regarding the amount of damages when necessary to establish the "lack of jurisdiction of federal courts due to insufficiency of damages…" La. Code Civ. Proc. art. 893 (in pertinent part); see also Bruce v. Fisher, No. 06-0840 (W.D. La. July 13, 2006), 2006 WL 2505908. "In other words, the foregoing allegation is required *only* when the damages are insufficient to satisfy the federal jurisdictional minimum." La. Code Civ. Proc. Art. 893 (in pertinent part). In the absence of such an allegation, the plaintiff has "in effect conceded by their state court pleadings that the requisite jurisdictional amount *is* in controversy. This creates a 'strong presumption' in favor of jurisdiction." Id. at *1.

In Bruce v. Fisher, the plaintiff was involved in a car accident and sued the defendant in state court. The Bruce plaintiff did not allege that their damages were less than the jurisdictional minimum. The defendant removed the case to federal court and the Plaintiff filed a motion to

---

[26]   See, Petition at ¶ 9.

[27]   See, Petition at ¶s 10, 15 and 21. Plaintiffs are invoking Louisiana Valued Policy Law and asserting entitlement to the policy limits.

remand. In denying the plaintiff's motion, the court found that because plaintiff did not allege that their damages were less than the jurisdictional amount, as required by law, "it [was] 'facially apparent' that the amount in controversy exceeded $75,000 at the time of removal." Id. Accordingly, this Court has diversity jurisdiction and removal is proper.

## CONCLUSION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 4072 because the resolution of this matter involves the interpretation of federal law. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Nonetheless, even if such jurisdiction were not to exist (which it does), this is moot because Plaintiffs have no cause of action against Powell and their claims against Powell have been perempted. Furthermore, penalties and attorney fees are not appropriate because: 1) the Fifth Circuit has not issued a ruling on point and 2) Powell has submitted a good faith theory of federal jurisdiction which would expound upon the existing law. Plaintiffs' Motion to Remand should be denied in its entirety.

Respectfully submitted:

**UNGARINO & ECKERT L.L.C.**

/s/ Stephen Gele

STEPHEN GELE (#22385) (T.A.)
PAUL J. HAMMER(#30540)
Suite 1280 Lakeway Two
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: 504/836-7537
Fax: 504/836-7538
sgele@ungarino-eckert.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all of the following: Donald Coleman Brown, Eric August Bopp, Walter R. Woodruff I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following: Donald Coleman Brown, Eric August Bopp, Walter R. Woodruff

/s/ Stephen Gele

UNGARINO & ECKERT, LLC
3850 N. Causeway Blvd., Suite 1280
Metairie, LA 70002
Telephone: (504) 836-7537
Fax: (504) 836-7538
mungarino@ungarino-eckert.com