UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT C. BERTHELOT AND<br>MARINA MOTEL INC. | * * * | CIVIL ACTION |
| Plaintiff | * * | CASE NO. 06-9627 |
| *Versus* | * * | SECTION I |
| JAMES RIVER INSURANCE COMPANY,<br>POWELL INSURANCE AGENCIES, INC.,<br>AND ABC INSURANCE COMPANY | * * * | MAGISTRATE 5 |
| Defendants | * * | |

* * * * * * * * * * * * * * * * * * *

**DEFENDANT, JAMES RIVER INSURANCE COMPANY'S,
MEMORANDUM IN SUPPORT OF ITS RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

MAY IT PLEASE THE COURT:

Pursuant to LR 7.4, defendant, JAMES RIVER INSURANCE COMPANY, (hereinafter, "James River") through undersigned counsel, submits this memorandum in support of its Response to Plaintiff's Motion to Remand.

**Relevant Procedural History**

On or about August 28, 2006, plaintiffs, Robert C. Berthelot and Marina Motel Inc., filed their Petition for Damages in the 34th Judicial District Court for the Parish of St. Bernard,

1

Louisiana. On or about October 20, 2006, James River filed its Answer to Petition for Damages and Request for Written Notice in that same Louisiana district court. On or about November 30, 2006, James River attempted to file its First Supplemental and Amending Answer to Petition for Damages. However, on or about January 29, 2007, the Clerk of Court's office for the 34th Judicial District Court informed counsel for James River that its supplemental answer could not be filed because the matter had been removed. Upon learning of the removal, the relevant pleadings were retrieved from PACER.

### Summary of Position

Despite having never prepared the removal documents, multiple allegations of conduct by James River made their way into the Memorandum in Support of Plaintiffs' Motion to Remand. These allegations wholly lack support in the record and are immaterial and impertinent to the removal issues before the court. Because they could also serve to confuse, James River moves for them to be stricken. Though it is not suggested that plaintiffs intentionally attempted to mislead or confuse, James River takes the cautionary measure of moving to strike the allegations as a method of clarifying its noninvolvement in the subject removal.

### Allegations Sought to Be Stricken

The Memorandum in Support of Plaintiffs' Motion to Remand contains the following allegations regarding James River's conduct relative to removal process:

1. "Defendant, **James River**, has caused this matter to be removed to this United States District Court by Petition for and Notice of Removal filed herein on November 3, 2006." (Page 1, paragraph 2);

2. "In order to support their claims for fraudulent joinder, **James River** claims that the allegations against them are in no way related to the claims against Powell and thus, their joinder is improper for that reason." (Pages 3-4, beginning with the last paragraph on page 3); and

3. "In this removal action, **James River** postulates that the joinder of James River and Powell is improper and, thus fraudulent, because Powell can never be jointly liable with James River in this matter. **James River's** bald unilluminating conclusionary

2

statement, without further is of no legal moment or consequence." (Pages 5-6, beginning with the last paragraph on page 5)

Succinctly stated, James River never "caused this matter to be removed," had any "claims for fraudulent joinder" it sought to support or "postulated" in that regard and certainly never made any "bald unilluminating conclusionary statements." Plaintiff should have directed all of these allegations to the removing defendant, Powell Insurance Agencies, Inc. A simple review of the record of this removal confirms the erroneous nature of these allegations.

### Propriety of Response to Motion

Federal Rule of Civil Procedure 12(f) provides the mechanism by which to challenge, inter alia, immaterial and impertinent matters contained in pleadings. Even if a product of inadvertence or oversight, allegations that mischaracterize the conduct of a party—erroneously attributing to it actions of another party—cannot be considered material or pertinent to the matter before the court. These allegations should be stricken.

Title 28 U.S.C.A § 1447(c) authorizes the imposition of costs and expenses, including attorney fees, in the context of a motion to remand. Even though James River is confident this Court would not impose these measures against it in the context of this removal, out of an abundance of caution it must take the necessary steps to clarify its lack of participation as alleged by plaintiffs.

### Conclusion

The allegations directed to James River Insurance Company are contradicted by the pleadings that form the record of this removal. They are not material to decision to remand or let

3

the removal stand.  They also carry the potential to mislead or confuse as to the participation of James River in this removal.  Accordingly, these allegations should be stricken.

>Respectfully submitted,
>
>WOODLEY, WILLIAMS LAW FIRM, L.L.C.
>
>BY: ___/s/ Donald C. Brown_____
>DONALD C. BROWN (#3549)
>500 Kirby Street
>Lake Charles, LA  70601
>Telephone:  (337) 433-6328
>Facsimile:  (337) 433-7513
>Attorney for defendant, JAMES RIVER INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>jma@sessions-law.com,vlc@sessions-law.com
>bopplaw@acadiacom.net
>dbordelon@ungarino-eckert.com
>wmaldonado@ungarino-eckert.com
>mungarino@ungarino-eckert.com
>bopplaw@acadiacom.net

>___/s/ Donald C. Brown_____
>**DONALD C. BROWN**
>**LA BAR ROLL #3549**
>Counsel for Defendant,
>JAMES RIVER INSURANCE COMPANY
>WOODLEY, WILLIAMS LAW FIRM, L.L.C.
>500 Kirby Street
>Lake Charles, LA  70601
>Telephone:  (337) 433-6328
>Facsimile:  (337) 433-7513
>dcbrown@woodleywilliams.com