```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**ROBERT C. BERTHELOT, ET AL.**                CIVIL ACTION

**VERSUS**                                     No. 06-9627

**JAMES RIVER INSURANCE COMPANY, ET AL.**      SECTION: I/5

### ORDER AND REASONS

The matter before the Court is a motion to remand, filed on behalf of plaintiffs, Robert C. Berthelot and Marina Motel, Inc. Defendants in this matter are James River Insurance Company ("James River"), Powell Insurance Agency, Inc. ("Powell"), and ABC Insurance Company.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation. *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins. Assocs. Inc.*, No. 06-1130, 2006

WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above cited decisions, when applied to the facts of this case, dictate a remand.[1]  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice

---

[1] The Court notes that, on the facts of this case, defendants have failed to establish that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  This Court has previously addressed the substantive legal arguments raised here.  *See Richmond*, 2006 WL 2710566.

As in *Richmond*, the date from which the peremptive periods under La. R.S. 9:5606 must run is a contested issue of substantive fact in this case.  *Richmond*, 2006 WL 2710566 at *5.  Given that plaintiffs generally allege that Powell failed to properly advise them, *see* Rec. Doc. No. 1-2, p. 13, the Court cannot determine, based on uncontested facts, the date from which the peremptive period should run.  Since this Court must resolve substantive issues of contested fact in plaintiffs' favor, *Richmond*, 2006 WL 2710566, at *3, defendants cannot satisfy their burden under *Smallwood*.

Additionally, considering the Louisiana case law reviewed in *Richmond*, there is a reasonable basis to predict that plaintiffs might be able to recover against Powell.  *See id.* at *6.  In *Richmond*, this Court noted that Louisiana courts have held that an insurance agent's "fiduciary duty includes advising his client with regards to recommended coverage." *Id.* (quoting *Durham v. McFarland*, 527 So. 2d 403, 405 (La. Ct. App. 4th Cir. 1988)).  As caselaw cited by defendant establishes, such a duty may be formed "depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." *Graves v. State Farm Mut. Auto Ins. Co.*, 821 So. 2d 769, 773 (La. Ct. App. 3d Cir. 2002).  Here, plaintiffs generally allege that the agent breached its fiduciary duty to advise plaintiffs regarding the procurement of insurance coverage. Rec. Doc. No. 1-2, p. 13.  While the Court cannot conclude based on these general allegations that plaintiffs will succeed in their claims against Powell, defendants have failed to establish that there is no reasonable basis to predict that plaintiffs might be able to recover.  Therefore, this Court lacks diversity jurisdiction and there is no other valid basis for jurisdiction over this matter.  *See, e.g.*, *Jackson,* 2006 WL 3332835, at *3-4 (flood policy procurement claims do not establish federal question jurisdiction).

nor judicial economy to issue an extensive, yet repetitive, opinion. The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[2] is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, March __5th__, 2007.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[2] Rec. Doc. No. 4.